UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZHAR MOHAMED AL SALIH,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 2:25-cv-03152-CSK (SS)<br><br>ORDER<br>(ECF No. 23) |

Pending before the Court is Plaintiff Azhar Mohamed Al Salih's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d)(1). (ECF No. 23.) Plaintiff seeks fees in the amount of $5,233.81 based on 20.75 hours of work. No opposition to the motion has been filed. (*See* Docket.)

For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for attorney's fees under the EAJA.

/ / /

/ / /

/ / /

/ / /

/ / /

# I. DISCUSSION

## A. Substantial Justification

The EAJA provides that the prevailing party in a civil action against the United States may apply for an order for attorneys' fees and expenses within thirty days of final judgment in the action. An applicant for Social Security benefits receiving a remand under sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. *Shalala v. Schaefer*, 509 U.S. 292, 301-302 (1993). In this case, the matter was remanded under sentence four for further development and analysis of the record pursuant to the stipulation of the parties and order of the court. 5/4/2026 Stip. & Order (ECF No. 21). Plaintiff thus is entitled to an award of fees under the EAJA. The Court must allow the fee award unless it finds that the position of the United States was substantially justified. *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995).

The burden of establishing substantial justification is on the government. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). In *Pierce v. Underwood*, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 553. "That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id*. at 565 (quotations omitted). A position does not have to be correct to be substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. *Barry v. Bowen*, 825 F.2d 1324, 1331 (9th Cir. 1987), *overruled on other grounds, Lu v. United States*, 921 F. 3d 850 (9th Cir. 2019). Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.

*Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir. 1988).

Here, the parties stipulated to remand of this action for further administrative proceedings. Defendant has filed no opposition to the request for attorney's fees, and has not attempted to meet its burden to establish substantial justification. (*See* Docket.) Under these circumstances, the Court finds that the position of the United States was not substantially justified. Fees under the EAJA will therefore be awarded.

**B. Reasonable Fee**

The EAJA directs the court to award a reasonable fee. In determining whether a fee is reasonable, the Court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir. 1998). Plaintiff here obtained a stipulated remand to further develop the record. *See* 5/4/2026 Stip and Order at 1. With respect to Plaintiff's counsel's time reviewing the transcript, briefing on the motion for summary judgment and other tasks itemized in counsel's schedule of hours, the Court has determined the hours claimed are reasonable. Pl. Mot. at 3-4 (ECF No. 23). The rate claimed is also reasonable. Plaintiff will therefore be awarded the full amount requested.

**C. Assignment of Fee**

Plaintiff's motion attaches an assignment provision signed by Plaintiff that directs EAJA fees to Plaintiff's Counsel, Jesse Kaplan. Pl. Mot. Ex. (ECF No. 23-1). "Under EAJA, fees are attributable to the 'prevailing party.'" *Hill v. Commissioner of Social Security,* 428 F. Supp. 3d 253, 267 (E.D. Cal. 2019) (citing 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 590 (2010)). "Under the Anti-Assignment Act, a claim against the United States may not be assigned to a third party unless [certain] requirements are met.'" *Hill,* 428 F. Supp. 3d, at 267 (quoting *United States v. Kim*, 806 F. 3d 1161, 1169 (9th Cir. 2015). EAJA fees in a Social Security appeal for disability benefits are subject to the Anti-Assignment Act. *Id*. (citing *Yesipovich v. Colvin*, 166 F. Supp. 3d 1000, 1011 (N.D. Cal. 2015)). "When a pre-existing government debt exists,

EAJA fees are payable to plaintiff rather than plaintiff's attorney to satisfy the debt." *Yesipovich*, 166 F. Supp. 3d, at 1011. Conversely, where a plaintiff does not owe a debt to the government and there is a valid fee agreement, an attorney may be paid directly. *See Beal v. Colvin*, 2016 WL 4761090, at *3 (N.D. Cal. 2016).

Because Plaintiff has assigned his right to EAJA fees, and it is unclear whether Plaintiff has outstanding government debt, the Court finds that the EAJA award should be made payable directly to Plaintiff's attorney subject to any government debt offset and Defendant's waiver of requirements under the Anti-Assignment Act. *See Hill,* 428 F. Supp. 3d, at 267 (granting motion for EAJA fees under similar circumstances). However, if Defendant does not accept Plaintiff's assignment, payment shall be made to Plaintiff and not Plaintiff's attorney. *Id*.

## II. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for fees pursuant to EAJA (ECF No. 23) is GRANTED IN PART and DENIED IN PART
2. Plaintiff is awarded $5,233.81 in attorney's fees under EAJA.
3. Defendant shall determine whether Plaintiff's EAJA fees are subject to any offset pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the fees are subject to an offset, then fees shall be made payable to Plaintiff. However, if Defendant accepts the assignment of fees, payment shall be made payable to Plaintiff's Counsel, Jesse Kaplan; and
4. Payment shall be mailed to Plaintiff's Counsel, Jesse Kaplan.

Dated: September 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, alsa.3152.25.eaja.mot.nooop